IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LOUIE GRIMMETT,

                Plaintiff,

v.                                                                CIVIL ACTION NO.   2:13-cv-20007

MOUNTAIN STAR LLC, et al.,

                Defendants.

**MEMORANDUM OPINION & ORDER**

For the reasons stated below, this is case is **REMANDED** to the Circuit Court of Logan County.

**I. Background**

The plaintiff alleges that he was injured at a Hardee's restaurant when his chair broke, causing him to fall to the floor. The plaintiff brought an action in the Circuit Court of Logan County for negligence. The defendants subsequently removed the case, arguing that this court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. (*See* Notice of Removal [Docket 1], ¶ 8). To prove that the amount-in-controversy requirement is satisfied, the defendants state that the plaintiff "demanded $75,000 to compromise his claims." (*Id.* ¶ 6). The defendants point to the plaintiff's demand letter wherein the plaintiff listed medical expenses totaling $16,387.47 and a settlement demand of exactly $75,000. The letter also states that the plaintiff's damages include general non-economic damages.

## II. Legal Standard

Although the parties have not contested the availability of federal jurisdiction in this case, the court may raise issues of subject matter jurisdiction *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010).

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.* Removal in the instant case is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

My analysis is limited to determining whether the amount-in-controversy requirement is satisfied. Because there is no *ad damnum* clause in the complaint asking for an amount exceeding $75,000, the defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001) (Haden, J.). "[I]n such circumstances, . . . the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 23 (S.D. W. Va. 1994) (Faber, J.).

### III. Analysis

Here, the defendants state that this case satisfies the amount-in-controversy requirement because the plaintiff "alleges entitlement to medical expenses and permanent injury leading to significant pain," and the plaintiff "demanded $75,000 to compromise his claims." (Notice of Removal [Docket 1], ¶ 6).

I **FIND** that the defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The only evidence the defendants attach to their Notice of Removal is the plaintiff's demand letter. But this letter only details medical costs totaling $16,387.47. The letter states that the plaintiff has non-economic damages, but there is no evidence that these non-economic damages render the entire amount in controversy in excess of $75,000.

Further, it is incorrect to contend that the plaintiff's demand of exactly $75,000 satisfies the amount-in-controversy requirement. The amount in controversy must "exceed[] the sum or value of $75,000," as required by 28 U.S.C. § 1332 (a). "An allegation of exactly $75,000, therefore, is insufficient." 14AA Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 3701 (4th ed.); *see also Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011) (finding federal court lacked jurisdiction where amount in controversy was exactly $75,000); *Wilson v. Hudson*, 404 Fed. App'x 934, 935 (5th Cir. 2010) (amount in controversy of $75,000 does not "exceed the sum or value of $75,000 as required by § 1332(a)(1)").

The Federal Rules of Civil Procedure dictate that "the court must dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(h)(3). Because I determine that the amount in controversy requirement is not satisfied, I must remand this case.

## IV. Conclusion

For the reasons stated above, this is case is **REMANDED** to the Circuit Court of Logan County. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 6, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE